L. M. CARLTON, *et al.,* v. R. B. JONES.

158 So. 170.
Opinion Filed December 13, 1934.

*W. W. Whitehurst,* for Appellants;

*Latimer C. Farr* and *Leitner & Leitner,* for Appellee.

BUFORD, J.—Appellee exhibited his bill of complaint seeking temporary restraining order and injunction against the City Council of the City of Wauchula to prohibit the council from expending any public funds in or about the establishment of a certain street which he alleged was about to be established at public expense without the enactment of an ordinance approved by the Mayor as required under Section 8 of Article 4 of Chapter 5864, Acts of the Legislature of 1907, being the Charter Act of the City of Wauchula. That section provides that the City Council shall have power by ordinance (amongst other things) to alter, open, extend, widen, grade, pave, abolish, establish or otherwise clean, improve and keep in repair streets, alleys and sidewalks, and to erect and keep in repair bridges, culverts, sewers and gutters; to regulate and provide for the construction of streets and paving the same and for the construction and repair of sidewalks and foot pavements.

An Act which is required to be accomplished by ordinance may not be accomplished by resolution. Brown v. City of St. Petersburg, 111 Fla. 718, 153 Sou. 141.

Section 4, Article 14 of the Charter Act provides that

"All laws now in force, or that may be hereafter enacted for government of cities and towns, except insofar as they conflict with the provisions of this Act shall apply to said municipality and the officers thereof."

Section 8 of Article 4 is paramount to Sections 1843 R. G. S., 2953 C. G. L., and 1845 R. G. S., 2955 C. G. L., in that the special Charter Act limits the power so that it may be exercised only by ordinance whereas the general acts do not require the power to be exercised by ordinance.

That the complainant suing as a taxpayer may maintain the suit is established in this jurisdiction by the opinions and judgments in the cases of Whitner v. Woodruff, 68 Fla. 465, 67 Sou. 110; Crawford v. Gilchrist, 64 Fla. 41, 59 Sou. 149 and cases there cited.

After a restraining order had been granted a supplemental answer was filed in which the respondents alleged that the City Council on a day after the filing of the bill of complaint, to-wit: on the 14th day of March, 1924, at a special meeting called for that purpose did adopt and enact an ordinance establishing the street, the expenditure of funds on which was sought to be enjoined. Motion to strike the supplemental answer was filed alleging as grounds for the motion the following:

"That said supplemental answer attempts to set up a fact that the City of Wauchula has enacted an ordinance now that is valid and the City of Wauchula, under said ordinance, has authority to construct, designate and establish a certain highway or street through the City of Wauchula, but said ordinance is void, and of no force, virtue and effect, for the following reasons, to-wit:

"a. The said void ordinance was attempted to be passed at an extra session of the City Council of the City of Wauchula and the City of Wauchula has no authority to call an extra session.

"b. The Mayor of the City of Wauchula was absent from the city and the President of the City Council called the said meeting at which the said purported ordinance was passed and the said President of the City Council approved the said ordinance and the President of the City Council has no authority to sit as a councilman and at the same time act as Mayor of the City of Wauchula.

"c. That the answer does not show that the Mayor of

the City of Wauchula was disabled from returning, or acting upon said ordinance himself before the next regular meeting.

"d. The said void ordinance has not been published as required by the Charter of the City of Wauchula."

Upon consideration of the motion to strike, the following order was entered.

"IT IS, THEREUPON, Now Considered, Ordered and Adjudged that the motion of the Complainant to strike the Supplemental Answer and Amended Supplemental Answer of the Defendants be and the same is, hereby, granted and the said Supplemental Answer and Amended Supplemental Answer so stricken; and the Defendant's motion to dissolve the Temporary Restraining Order issued herein is hereby denied.

"DONE AND ORDERED, in Term, at Wauchula, Florida, this 26th day of March, A. D. 1934."

It appears that Respondent relied upon the provisions of Section 1834 R. G. S., 2944 C. G. L., and contended that the pretended ordinance was void because the President of the Council had assumed to act as President of the Council in calling the meeting and passing the ordinance during the absence of the Mayor and had also acted as Mayor in approving the ordinance and, aside from this, that the ordinance had not been published according to law and, therefore that the ordinance was invalid and of no effect. The lower court sustained its contention and entered the order from which appeal is taken.

The order was without error and should be affirmed.

It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, and TERRELL, J. J., concur.