J. B. STOCKMAN v. CITY OF TRENTON.

181 So. 383.

En Banc.

Opinion Filed April 9, 1938.

Rehearing Denied June 7, 1938.

*Scruggs & Sobol,* for Appellant;
*Adkins & Arnow,* for Appellee.

TERRELL, J.—In February, 1936, Appellee as complainant filed its bill of complaint in the Circuit Court to foreclose special assessment liens. Appellant as defendant and owner of the lands described in the liens moved to dismiss but his motion having been overruled, he filed an answer in which he denied the material allegations of the bill of complaint and set up among others the following affirmative defense; that the improvement for which the special assessments accumulated consisted in paving, sewage, storm sewers, curbing, and other improvement extending 3820 feet over Wade Street in the City of Trenton, that Wade Street ran over a State highway through the said city which had previously been paved, that for topographical and other reasons, said improvements were worthless to appellant and his lands, that the curbs and gutters caused large volumes

of excess water to accumulate and stand on his lands and thereby detracted from their value, and that a large portion was for extra width paving to widen the street in front of appellant's premises which was also worthless and of no value whatever to him or his premises.

These defenses are more meticulously set out in paragraphs (d), (e), (k), (l), (m), (n), (o), and (p) of the original answer and in paragraphs 5, 10, 11, 12, and 13 of the answer as amended. If the defenses set up in these paragraphs are proven they constitute a complete defense to the assessment complained of. The decree granting the motion of complainant to strike them constituted error for which the cause must be reversed.

The Courts of this country are committed to the doctrine that special assessments should in no case exceed the benefits they confer to the property improved and that if the governmental entity imposes an assessment in excess of benefits, it will be held to the extent of the excess as the taking of property without due process of law. Atlantic Coast Line Railroad Company v. Lakeland, 84 Fla. 347, 115 So. 669; Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507; Atlantic Coast Railroad Company v. City of Winter Haven, 114 Fla. xxv, 151 So. 321; McQuillen on Municipal Corporations, Vol. 5, Sec. 2240, 2nd Edition.

Even the Legislature in the exercise of its power to tax, the power to condemn, and the police power cannot strike down personal and property rights secured to the individual by organic law. If the proof shows that the curbs and gutters were of no use or value to appellant's property or were in reality as he alleges a detriment to it, there is no theory under which the cost could be imposed on him.

Likewise there is no theory under which avenues and white ways and the cost of such improvements can be im-

posed on the abutting owner. Their purpose and essence is public. They are made necessary to let a large volume of traffic pass with dispatch and safety where a smaller one formerly passed, and being so, the public and not the individual should bear the cost of them. The mere fact that one owns lands abutting on a highway does not connote that he may also be required to build a pavement by them for the public to drive over. The demand for through highways and broad avenues has very much modified the front foot rule as early defined for providing them.

From this, it follows that the judgment below must be and is hereby reversed.

Reversed.

Ellis, C. J., and Whitfield, Brown, Buford and Chapman, J. J., concur.