**GLEN OAKS GOLF CLUB, Inc. v. CITY OF CLEARWATER, et al.**

No. 13675.

Circuit Court, Pinellas County.

March 13, 1970.

Milton D. Jones, Clearwater, for plaintiff.

Norris S. Gould of Phillips, McFarland, Gould & Korones, Clearwater, for defendants.

CHARLES R. HOLLEY, Circuit Judge.

This is an action to enjoin the defendant city of Clearwater from levying a special assessment against described property of the plaintiff for street paving and curbing. The basis of plaintiff's complaint was that the street paving and curbing was of no benefit to plaintiff's property.

Trial of this action was held on March 5, 1970, at which time the court heard and considered the pleadings, testimony, exhibits, and stipulations of facts made by the parties. During the trial, the court adjourned to the site in question and conducted a view. The court has considered the arguments of able counsel for the parties.

The city of Clearwater determined to install local improvements, consisting of street paving and curbing, storm and sanitary sewers, on a portion of Betty Lane, Rogers Street and Turner Street in the city of Clearwater. These portions of these streets were previously unimproved but were originally established as a part of Hibiscus Gardens Subdivision, which was platted in 1926. The east line of the right of way for Betty Lane, as shown on the plat of Hibiscus Gardens Subdivision, is the same as the west boundary of plaintiff's property, the right-of-way being 65 feet in width. The paving for the indicated portions of Betty Lane ran a little over 400 feet west of and parallel to plaintiff's west boundary line. Despite the protests of the plaintiff the city proceeded with the project, having determined to assess the plaintiff's property for a proportionate share of the cost of paving and curbing only on the basis of 120 front feet of frontage benefit to the plaintiff, which eventually was specifically assessed at $1,454.47. No part of the storm and sanitary sewer improvements were ever included in the proposed assessment. Pending this suit these improvements were in fact installed by the city, and the court viewed the area after the improvements were fully completed. Plaintiff's property was and still is being used as a golf course. Plaintiff has raised no question as to the procedural propriety in steps leading up to the assessment, the sole question being confined to whether or not the street paving and curbing benefited plaintiff's property.

The difficulty arises because a stream or watercourse, locally known as Stevenson's Creek, runs along the east side of the newly paved portion of Betty Lane and plaintiff's west boundary line. It is a natural, non-navigable watercourse, running in a northerly direction in a meandering line eventually to Clearwater Harbor some 2½ miles from the site in question. Plaintiff's surveyor had

placed stakes at several points along plaintiff's west line (the same as the east right-of-way line of Betty Lane) which the court observed in its view. From its view the court finds that the stream is substantially all inside of the platted right-of-way of Betty Lane. The creek bed is of some depth with high shoulders or banks. The flow of this creek is substantial year round, and varies a great deal depending on rains. It was admitted that many upstream improvements and developments in recent years have used and are using this creek for a major surface water disposition and drainage artery. From these considerations, as well as the court's own observations of the locality and the testimony of the witnesses, the court finds that the creek separating the street improvements from plaintiff's property represents in fact an impassible natural barrier to plaintiff gaining any access, or to derive any benefit whatever, from the street improvements. The court further finds that in order for plaintiff to have any access or benefit from the street improvement a substantial bridge or bridges would have to be constructed over the creek.

The plans for the street improvements, as prepared by the city engineer, which were made up when the proceedings were originally instituted by the city contained no provision for construction of a bridge or bridges across Stevenson's Creek to connect with plaintiff's property, and the city engineer's testimony showed that no other plans for construction of such bridges are now in existence. No provisions of any kind for bridges or other means of crossing the creek have in fact been installed. The testimony was to the effect that the expenses of constructing bridges across the creek would be very substantial in amount, whether paid for by the city or the plaintiff. Plaintiff's engineer estimated the cost to be around $10,000 per bridge, but this was only a rough estimate, the actual figures necessarily being based on specific plans not yet prepared or approved.

The court was not advised of the existence of any law, charter provision, city ordinance or regulation having the effect of requiring the city to construct a bridge or bridges across the creek to plaintiff's property, and the court is satisfied that the expenditure of city funds to construct such bridge or bridges in the future would be a matter resting in the exclusive discretion of the governing body of the defendant city.

This case appears to be unique and unprecedented in this state. Counsel of the parties could not present cases from other states on all fours on the facts of this case. The conclusion of this court must therefore be based upon the principles of law announced by the appellate courts of this state, and other fundamental principles of law, as may be applied to the particular facts here involved.

The city of Clearwater is authorized by its charter to impose special assessments for street improvements against the "property abutting" such improvements. Section 123, article X, Charter of City of Clearwater. Ordinarily the determination of whether property is specially benefited by local improvements, and the manner of apportioning and assessing the cost, is a legislative, and not a judicial function. Atlantic Coast Line R. Co. v. City of Winter Haven, 151 So. 321 (Fla. 1933). Courts will not interfere with this process except to protect against invasion of constitutionally guaranteed rights. The imposition of a special assessment without commensurate benefits to the property assessed amounts to an unlawful taking of private property without due process and without compensation. Stockman v. City of Trenton, 132 Fla. 406, 181 So. 383 (Fla. 1938); Rafkin v. City of Miami Beach, 38 So.2d 836 (Fla. 1949); Carson v. City of Ft. Lauderdale, 155 So.2d 620 (Fla. App. 2nd 1963). The question of whether such local improvements are supported by prerequisite special benefits is a question of fact as in any other case. Atlantic Coast Line R. Co. v. City of Lakeland, 94 Fla. 347, 115 So. 669 (Fla. 1927). Where it factually appears street paving is a detriment to the abutting property, no assessment may be made. Rafkin v. City of Miami Beach, supra.

Furthermore, the special benefits claimed to be conferred by local improvements must be of a character capable of being realized or enjoyed within a reasonable time; and where such special benefits are contingent, speculative or uncertain, a special assessment cannot be sustained. 48 Am. Jur., *Special or Local Assessments,* §28, p. 587; Kansas City v. St. Louis & S. Fe R. Co., 130 S.W. 273; Carterville v. Phillips, 141 N.E. 182 (Ill. 1923).

Applying these principles to the facts of this case, as found by this court, even though plaintiff's property can be said to abut the street right-of-way so improved, the essential special benefits to plaintiff's property by reason of the street paving are absent at this time because of the intervening creek. Without a bridge or bridges connecting the improvements with plaintiff's property, plaintiff has in reality no reasonable and practical access to the improvement, and they cannot therefore be of any benefit to plaintiff's property. The intended special benefits are thus dependent upon some future act or event on the part of the city — the construction of a bridge or bridges. No plan or specific intention to construct such a bridge or bridges exists at this time on the part of the city, and its future fulfillment is wholly within the discretion of the city. It controls the use of its street right of ways, and certainly the city controls the expenditure of public funds. Most importantly, it is clear that

the plaintiff does not now have any existing legal means to force the city to provide any access to the street improvements. Any anticipated or future special benefits to plaintiff's property by reason of these street improvements is thus contingent, speculative and uncertain. The city may never decide to construct bridges over the creek, and there is nothing the plaintiff can do about it if the city decides not to do so.

To say that the plaintiff could easily obtain permission from the city to construct a bridge or bridges over the creek at plaintiff's expense proves the soundness of the court's conclusion from a purely practical and economic standpoint. The city has asserted it has conferred commensurate special benefits to plaintiff's property valued at $1,457.47. To force the plaintiff to spend many times this amount in improving the public right-of-way (building the bridge or bridges) before it could ever derive any advantage from the valued benefits certainly would shock the average man's notion of essential fairness and equality. It so strikes this court. It must be remembered that nature placed the creek where it is and not the plaintiff.

The premises considered, the court finds the plaintiff has sustained the essential allegations of its complaint and is entitled to the relief sought.

Thereupon its is ordered, adjudged and decreed that the city of Clearwater be, and it is hereby, permanently enjoined and restrained from assessing or levying any amount, or from issuing any certificate or other evidence of indebtedness or lien, on account of any street and related improvements performed on and about Rogers Street from Lincoln Avenue to Betty Lane, and Betty Lane from Rogers Street south to the easterly extension of the south line of block "V" of Hibiscus Gardens Subdivision, all in the city of Clearwater, Pinellas County, Florida, upon the following described real property now owned by plaintiff Glen Oaks Golf Club, Inc., to wit:

> the West Half (W½) of the Northeast Quarter (NE¼) of the Southesast Quarter (SE¼) of Section Fifteen (15), Township Twenty-Nine South (T 29 S), Range Fifteen East (R 15 E), less the North Fifty Feet (N 50 ft) thereof for right-of-way of Court Street,

and any assessment or levy heretofore made or attempted by the city of Clearwater upon said property is hereby declared to be entirely void and unenforceable.

It is further ordered, adjudged and decreed that costs of this action will be determined and taxed by further order of this court.