305 So.2d 860 (1974)
7800 BUILDING, INC., a Florida Corporation, Appellant,
v.
CITY OF SOUTH MIAMI, Florida, a Florida Municipal Corporation, Appellee.
No. 74-445.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied January 28, 1975.
Nicholson, Howard, Brawner & Lovett, Miami, for appellant.
Moore, Kessler, Sheradsky, Roth & Beckerman, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*861 HAVERFIELD, Judge.
Plaintiff-appellant seeks review of a judgment upholding the validity of a sanitary sewer assessment by the defendant-appellee. By virtue of Article I, Section 21 of its municipal charter, defendant-appellee, The City of South Miami, is empowered to establish by ordinance local improvement districts. In accordance therewith, defendant city passed an ordinance [§ 2-36 of the South Miami Code] which provided, inter alia, for sanitary sewer improvements districts. The ordinance further provided that the water and sewer assessments be based upon front footage.
Plaintiff-appellant is the owner of certain real property which is located in the defendant city, and is the site of an office building which was completed in May 1971. Plaintiff's property is zoned RU-5 (multiple unit residential) which permits the use of an office building.
In May 1969, defendant city passed and adopted a resolution pursuant to Section 21, Article IV of the City Charter and Chapter 2 of the code of ordinances establishing a sanitary sewer improvement district in which plaintiff's real property was located. This resolution #XX-XX-XXXX, provided that the sewer assessment be based upon front frontage. However, the resolution was amended in September 1969 by resolution, #XX-XX-XXXX which adopted a square footage assessment formula on the basis of the applicable zoning and land use requirements. When plaintiff's office building was completed in May 1971, the defendant city passed resolution, #XX-XX-XXXX, imposing upon plaintiff's property a sanitary sewer lien assessment in the amount of $31,280 based upon the RU-5 (multiple unit residential) zoning. Plaintiff protested the assessment to the city council of the defendant and thereafter filed a complaint for declaratory judgment praying that the assessment as applied to plaintiff's property be declared invalid and unconstitutional. The cause came on for hearing and thereafter the trial judge denied the relief prayed for by the plaintiff-appellant and entered judgment in favor of the defendant city. Plaintiff appeals therefrom. We reverse.
Appellant first argues that when the ordinance of a municipal corporation requires that sewer assessments be based upon front footage, the municipal council may not by resolution impose sanitary sewer lien assessments based upon any formula other than front footage. We agree.
A resolution cannot be substituted for and have the force and effect of, an ordinance, nor can a resolution supply initial authority which is required to be vested by ordinance. Brown v. City of St. Petersburg, 111 Fla. 718, 153 So. 140 (1933).
Article I, Section 21 of the charter of the defendant city empowers the defendant to enact ordinances to set up procedures for the methods and ways of establishing local improvement districts. Pursuant thereto the defendant passed an ordinance [§ 2-36 of the municipal code] which clearly provided that sewer assessments were to be based upon front footage. Thus, we find that the September 1969 resolution, #XX-XX-XXXX, and the May 1971 resolution, #XX-XX-XXXX, providing for a square foot assessment formula based upon the applicable zoning and optimum land use were invalid. For a change in the assessment formula was required to be accomplished by ordinance and therefore could not be accomplished by the above resolutions.
Plaintiff-appellant secondly contends that the assessment based upon zoning and optimum land use is arbitrary, disproportionate, and therefore unconstitutional. We find this point well taken.
When an assessment so transcends the limits of equality and reason that its exaction would cease to be a tax or contribution and becomes extortion and confiscation, the courts will protect the victims so assessed. See 29A Fla.Jur. Special Assessments § 28 (1967).
*862 In the case of sub judice, the defendant city is employing an assessment formula on the basis of zoning classification and the optimum land use permitted therein. However, some of these zoning classifications like the RU-5 zoning applicable to plaintiff's property, allow several various types of uses which require different water and sewer needs.
Inequitable assessments result therefrom as it is apparent that a 68 unit apartment building which plaintiff could have constructed on his property requires more water and sewer facilities than plaintiff's present office building.
For the reasons cited hereinabove, the judgment herein appealed hereby is reversed and the cause is remanded to the trial court to enter judgment in favor of the plaintiff.
Reversed and remanded.