BASKIN, Judge.
Property owners filed a class action suit against Florida City challenging sewer assessments. They contested the validity of assessments for inaccessible sewers which they asserted conferred no special benefit on their property. They urged the court to grant summary judgment. The City also filed a motion for summary judgment in which it contended the assessments were legal and that the property owners received special benefits from the sewer system. The court agreed with the City and entered summary judgment in its favor. Finding that genuine issues of material fact concerning the question of special benefit precluded the entry of summary judgment, we reverse.
Section 170.01, Florida Statutes (1975) provides that cities, towns, or municipal corporations may levy and collect special assessments upon “abutting, adjoining, contiguous or other specially benefited property.” Special assessments should not exceed the benefits conferred upon the property improved. Stockman v. City of Trenton, 132 Fla. 406, 181 So. 383 (1938). Appellants contend that parcels of land which are not connected to the system are not specially benefited and that members of the class it represents cannot hook up to the system, citing Crowder v. Phillips, 146 Fla. 428, 1 So.2d 629 (1941); see also 7800 Building, Inc. v. City of South Miami, 305 So.2d 860 (Fla. 3d DCA 1974); City of Miami v. Brinker, 342 So.2d 115 (Fla. 3d DCA 1977). The City, on the other hand, asserts that property owners receive a special benefit from gravity sewers, pump stations, force mains, and the sewage treatment plant. Although the area the City claims will benefit from the improvements includes the entire city, it is apparent that some property owners cannot connect with the system unless they install their own gravity feed lines. Because the gravity feed lines would be required to reach from their property to the nearest city force main, their installation would be both financially and practically impossible.
The question of special benefit presents an issue of fact. See Meyer v. City of Oakland Park, 219 So.2d 417 (Fla.1969); City of Fort Meyers v. State of Florida, 95 Fla. 704, 117 So. 97 (Fla.1928); Snell Isles Homes, Inc. v. City of St. Petersburg, 199 So.2d 525 (Fla. 2d DCA), cert. denied, 204 So.2d 210 (Fla.1967); City of Hallandale v. Meekins, 237 So.2d 318 (Fla. 4th DCA 1970), cert. discharged, 245 So.2d 253 (Fla.1971). Unless a special benefit to the property owners exists, the City’s issuance of a bond for sewer improvements, without a vote of the electors, violates Article VII, section 12 of the Florida Constitution (1968).
*978 For these reasons, we reverse the summary judgment entered by the trial court and remand for further proceedings.