443 So.2d 298 (1983)
Bernardo Carlos PERDOMO, Appellant,
v.
JACKSON MEMORIAL HOSPITAL, Public Health Trust, Etc., Jane Chatfield, Jay Weinstein, John Doe Insurance Company, Etc., et al., Appellees.
No. 83-881.
District Court of Appeal of Florida, Third District.
December 27, 1983.
*299 Kathleen Phillips, Coral Gables, and Joel V. Lumer, Miami, for appellant.
Robert A. Ginsburg, County Atty. and Teresa L. Mussetto, Asst. County Atty., for appellees.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
PER CURIAM.
The appellant appeals from a final order dismissing his third amended complaint with prejudice. The order reads in pertinent part as follows:
"The main thrust of the Third Amended Complaint is an attempt to state a cause of action for wrongful discharge under the Civil Rights Act of 1891. Throughout the complaint, Plaintiff alleges that his constitutional and civil rights have been denied.
However, nowhere does the plaintiff allege some racial, or otherwise classbased, invidiously discriminatory animus underlying defendants' complained-of actions. Accordingly, no Equal Protection cause of action has been stated. See Griffin v. Breckenridge, 403 U.S. 88 [91 S.Ct. 1790, 29 L.Ed.2d 338] (1971). Further, while Plaintiff indicates in Paragraph 37(c) that an administrative hearing was afforded him, he nowhere alleges that he was not given an opportunity to be heard, to present testimony and other evidence, or to cross-examine his employer's witnesses. In other words, no cause of action based on deprivation of property without due process has been stated. Where, as here, a remedy (the administrative hearing) has been provided to Public Health Trust employees who are dismissed, since Plaintiff has not alleged that the remedy provided him through that hearing is not sufficient to satisfy the requirements of due process, no cause of action is stated under 42 *300 U.S.C. Section 1983. See Parratt v. Taylor, 451 U.S. 527, 543-44 [101 S.Ct. 1908, 1916-17, 68 L.Ed.2d 420] (1981).
The assertion of wrongful discharge appears, under various theories (including defamation and fraud), in every count of the Third Amended Complaint. However, as Plaintiff has not alleged that he was discharged because of his membership in a protected class, or because he engaged in constitutionally-protected activity, or that the administrative hearing afforded him did not satisfy procedural due process requirements, a cause of action for wrongful discharge has nowhere been stated.
Turning to the remaining allegations of the complaint, Plaintiff asserts: (1) that co-worker Defendants, while acting within the scope of their employment at the hospital, defamed Plaintiff through the letter of dismissal placed in his personnel file, (2) that certain defendants acted as supervisors and directors at the hospital without proper licensure, (3) that defendants conspired to defame Plaintiff, and (4) that Plaintiff's wife has suffered a consequent loss of consortium.
Within the four corners of the complaint, Plaintiff's allegations fail to state a cause of action, or affirmatively defeat assertion of a claim against defendants, based upon defamation alone.[*]See Paul v. Davis, 424 U.S. 693 [96 S.Ct. 1155, 47 L.Ed.2d 405] (1976) (no cause of action under 42 U.S.C. Section 1983 for defamation alone); City of Miami v. Wardlow, 403 So.2d 414 (Fla. 1981) (public employee absolutely immune from suit for defamation based on actions within scope of duties); McCuller v. Jackson Memorial Hospital Public Health Trust, 418 So.2d 1155 (Fla. 3d DCA 1982) (same as Wardlow); Sanchez v. Mercy Hospital, 386 So.2d 42 (Fla. 3d DCA 1980); Frank v. Campbell Property Management, Inc., 351 So.2d 364 (Fla. 4th DCA 1977); Timmons v. Firestone, 283 So.2d 63 (Fla. 4th DCA 1973); Stern v. First National Bank of South Miami, 275 So.2d 58 (Fla. 3d DCA 1973) (under Fla.R.Civ.P. 1.110(d), affirmative defense may be raised on motion to dismiss where defense is apparent on face of complaint). Further, Florida's Clinical Laboratory Law, Chapter 483, Florida Statutes, does not appear to imply a private right of action such as Plaintiff here seeks to assert. See Cort v. Ash, 422 U.S. 66 [95 S.Ct. 2080, 45 L.Ed.2d 26] (1975).
Since the counts regarding the goals of the "conspiracy" (defamation, wrongful discharge and improper licensure) fail, so too the conspiracy count fails. See Liappas v. Augoustis, 47 So.2d 582 (Fla. 1950). Further, Plaintiff has failed to allege a conspiracy in this case. See Buckner v. Lower Florida Keys Hospital District, 403 So.2d 1025, 1029 (Fla. 3d DCA 1981).
Lastly, Plaintiff properly alleges in Paragraph 59 that the alleged Consortium claim is derivative. Accordingly, it cannot stand alone. Further, loss of consortium is not within the spectrum of interests guaranteed by the Constitution or Federal law. Such a claim is not cognizable in a civil rights action, and is neither ancillary nor pendent to such an action. See Walters v. Village of Oak Lawn, 548 F. Supp. 417 (N.D.Ill. 1983 [1982]).
Because this Court has determined that the Motion to Dismiss has merit, and because Plaintiff's counsel has indicated to the Court that he does not wish a further opportunity to amend the Third Amended Complaint, it is
ORDERED and ADJUDGED that the Third Amended Complaint filed herein be, and the same is hereby, dismissed with prejudice."
*301 Following a review of the order, we find no error and affirm. See and compare City of Miami v. Wardlow, 403 So.2d 414 (Fla. 1981); McNayr v. Kelly, 184 So.2d 428 (Fla. 1966); Scott v. National Airlines, Inc., 150 So.2d 237 (Fla. 1963); McCuller v. Jackson Memorial Hospital Public Health Trust, 418 So.2d 1155 (Fla. 3d DCA 1982); Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla. 3d DCA 1976); Gaballah v. Johnson, 629 F.2d 1191 (7th Cir.1980).
Affirmed.
NOTES
[*] Plaintiff's allegations of stigma plus the loss of employment have already been addressed by the Parratt due process analysis above.