496 So.2d 970 (1986)
Paul WALLACE, Appellant,
v.
David LEAHY, Supervisor of Dade County Board of Elections, Appellee.
No. 86-2627.
District Court of Appeal of Florida, Third District.
October 31, 1986.
Paul Wallace, in Pro. Per.
Robert Ginsburg, Co. Atty., and Murray A. Greenberg, Asst. Co. Atty., for appellee.
Richard A. Sicking, Miami, for Local 1403 Intern. Ass'n of Fire Fighters, AFLCIO and Michael Donn, Sr., as amicus curiae.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
Petitioner, Paul Wallace, commenced this action in the trial court by mandamus, challenging the upcoming nonpartisan election of members to the governing body of the Metro-Dade Fire And Rescue Service District (Fire Board) and seeking to have the election cancelled.[1] We treat this appeal as one from a ruling on a petition for declaratory relief pursuant to section 86.011, Florida Statutes (1985).
On September 2, 1986, the voters of Dade County, by referendum, amended the Home Rule Charter to provide a governing body for the fire rescue district, separate and distinct from the County Commission. Two days later, the Board of County Commissioners voted to place the election of Fire Board members on the November 4, 1986, ballot in conjunction with the general election. That action, by Resolution No. 1139-86, established the number of Fire *971 Board commissioners and fixed the length of their terms. The resolution further declared that the election shall be nonpartisan.
Wallace is one of 103 candidates who qualified for election to the Fire Board. He requested to have his party affiliation shown along with his name on the printed ballot pursuant to sections 99.121 and 100.051, Florida Statutes (1985). Respondent, David Leahy, Supervisor of Elections, refused the request on grounds that the election was nonpartisan.
By this lawsuit Wallace seeks, essentially, a declaration that state and county laws require that Fire Board members be chosen by partisan election and that an attempt to change that requirement by resolution was ineffective.
Section 2.06-B, Dade County Home Rule Charter (1957) provides:
Except as otherwise provided by this Charter or by ordinance adopted hereunder the provisions of the election laws of this state shall apply to elections held under this Charter.
The Charter of Dade County does not provide a method for the election of Fire Board Commissioners. Nor does Ordinance No. 80-86, which created the independent Metro-Dade Fire and Rescue Service District, provide for nonpartisan election of Fire Board members.
In Brown v. City of St. Petersburg, 111 Fla. 718, 153 So. 140 (1933) and Carlton v. Jones, 117 Fla. 622, 158 So. 170 (1934), the Florida Supreme Court held that a resolution cannot be substitued for and have the force and effect of an ordinance, nor can a resolution supply initial authority which is required to be vested by ordinance. This court decided the same question more recently in 7800 Building, Inc. v. City of South Miami, 305 So.2d 860 (Fla. 3d DCA 1975),[2] where we held that change in a tax assessment formula, required by charter to be accomplished by ordinance, could not be accomplished by resolution.
We hold here accordingly that until the County Commission passes an ordinance which provides for the election of Fire Board members by nonpartisan ballot, the method employed must comport with the state's general laws governing elections. The general laws do allow a candidate to declare his party affiliation and to run in a partisan primary prior to the general election. See Chapters 99, 100, Florida Statutes (1985).
Dade County Resolution No. R-1139-86, scheduling a November 4, 1986, election for Fire Board Commissioners, is invalid.
Reversed and remanded with directions to enter a declaratory decree consistent with the views expressed in this opinion.[3]
NOTES
[1] The parties agree that if petitioner succeeds in the challenge the election cannot proceed as scheduled because there is not sufficient time for passage of an ordinance.
[2] A resolution is an order of local government of a special and temporary character, while an ordinance prescribes a permanent rule of conduct or government. Certain Lots Upon Which Taxes Are Delinquent v. Town of Monticello, 159 Fla. 134, 31 So.2d 905 (1947).

A resolution may be adopted at a regular or special meeting of the legislative body without published notice. Except in emergency cases, a proposed ordinance is subject to at least two public readings prior to adoption and must be published in a newspaper of general circulation at least ten days prior to adoption. § 166.041, Fla. Stat. (1985); see also Op.Atty.Gen., 073-385, Oct. 12, 1973.
The purpose of requiring that a proposed ordinance be read at more than one session or meeting is to prevent undue haste and secure deliberation by the legislative body before final passage. Nash v. Vaughn, 133 Fla. 499, 182 So. 827 (1938).
[3] No motion for rehearing will be entertained.