CAMPBELL, Chief Judge.
Appellant, defendant below, Lee County, appeals the final judgment declaring a special tax assessment of appellees’ real property invalid. Appellant also appeals the subsequent award of attorney’s fees to ap-pellees.
We affirm the final judgment declaring invalid the special assessment of appellees’ real property. We reverse the award of attorney’s fees made to appellees.
Appellant, through various ordinances and resolutions adopted pursuant to chapter 125, Florida Statutes (1983), created Suncoast Estates (Phase II) Road Improvement Unit, a municipal service taxing or benefit unit (M.S.B.U.) in an unincorporated area of Lee County, Florida. The purpose of this M.S.B.U. was for the improvement of existing roads within Sun-coast Estates, a low income mobile home subdivision. Appellees’ property, 113 acres of unimproved real estate zoned agricultural, was assessed for the improvements to the existing roads within Sun-coast Estates. Appellees’ property lies to the north and west of Suncoast Estates, has never been a part of Suncoast Estates and to the contrary is separated along its entire boundaries from Suncoast Estates by a dike approximately six feet or more in height and by a canal approximately thirty feet in width. The four existing roads within Suncoast Estates that were to be paved or repaved by reason of the special assessments do not abut, touch or parallel appellees’ property, but dead end approximately one hundred feet or more from ap-pellees’ property and are separated from it in each instance by the dike and canal. No new ingress or egress is provided by the special assessments to appellees’ property. There are other and more beneficial ingress and egress routes equally available to ap-pellees.
*346 The ordinances and statutes applicable to special assessments such as that under consideration in this appeal require that property being assessed for such road improvements as were contemplated here must abut, adjoin, be contiguous to or be bounded by the improvements or, in the alternative, derive a benefit from the improvement which is different in type or degree from benefits provided to the community as a whole. We find that the trial judge was correct in his ruling and that appellees carried their burden by demonstrating by strong, direct, clear and positive proof that their lands neither abut, adjoin or are bounded by the proposed improvements (paving or repaving of existing roads that dead end short of and are separated from appellees’ property), nor do they derive any special benefit from the improvements that are not enjoyed by the community as a whole. The trial judge was therefore correct in declaring the assessment as it pertains to appellees’ property invalid. Meyer v. City of Oakland Park, 219 So.2d 417 (Fla.1969); Rosche v. City of Hollywood, 55 So.2d 909 (Fla.1952); Atlantic Coast Line R. Co. v. City of Gainesville, 83 Fla. 275, 91 So. 118 (1922).
We next turn to a discussion of why we are compelled to reverse the award of attorney’s fees to appellees. Attorney’s fees, of course, are generally not available to a party except where provided for by statute or contract, or from a fund or estate created or benefitted by the attorney’s services. In this case, appellees rely upon the provisions of 42 U.S.C. section 1983 to sustain their entitlement to attorney’s fees. Their argument is unpersuasive. While ap-pellees’ complaint contained four separate counts, one of which was founded on 42 U.S.C. section 1983, the trial court never reached that count of appellees’ complaint.
Appellees’ cause of action was decided on Count I of its complaint which attacked the validity of the special assessment on the basis that appellees’ property was not within the improvement area nor specially bene-fitted by it. The parties agreed to bifurcate that count of appellees’ complaint from the rest of the counts and to try it first and separately. The judgment for appellees on that basis precluded any further consideration of the remaining counts. In an attempt to revive the action based on 42 U.S.C. section 1983 for the sole purpose of supporting an award of attorney’s fees, appellees relied upon some cases from other jurisdictions, which we reject without further discussion.
Appellees also relied on City of Treasure Island v. Strong, 215 So.2d 473 (Fla.1968) and Stockman v. City of Trenton, 132 Fla. 406, 181 So. 383 (1938). While both Stock-man and City of Treasure Island speak of the principle that assessments in excess of special benefits accruing to the assessed property is a confiscation or taking of property without due process of law, that principle by the very posture of Stockman and City of Treasure Island is not applicable to this case. In both of those cases, the assessing authority sought to foreclose tax liens resulting from the special assessments. The court in City of Treasure Island noted that the complaining property owners there made no efforts to contest the assessments at the assessment hearings. The court held that, having failed to take advantage of the opportunity to challenge the assessments, the property owners lost their rights to assert the invalidity of the assessments.
Appellees here, on the contrary, exercised the due process rights afforded them by the State of Florida to successfully challenge the validity of the assessments. Since state law provided and secured to appellees due process rights to successfully attack the assessments, they were not denied any due process rights to afford them relief pursuant to 42 U.S.C. section 1983. See City of Lake Worth v. Walton, 462 So.2d 1137 (Fla. 4th DCA 1984), citing Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).
Affirmed in part and reversed in part.
LEHAN and PARKER, JJ., concur.