OWEN, WILLIAM C., Jr., Senior Judge.
On this appeal from a declaratory judgment the issue is whether the Bro-ward County ordinance establishing a civil service system may validly provide for classifications to be excluded by subsequent resolution. We affirm the circuit court judgment upholding the validity of that provision,
Broward County is a charter county and, as such, its powers are derived from Article VIII, Sec. 1(g) of the Florida Constitution. See State v. Broward County, 468 So.2d 965 (Fla.1985). Relevant here is its charter provision that “[A]ll powers of the County shall be carried into execution as provided by this Charter or, if the Charter makes no provision, as provided by ordinance, resolution of the County Commission, or by the Constitution and Laws of Florida.” Broward County’s charter authorizes it to establish a civil service system, but does not require that it be established by ordinance rather than resolution.
In 1975, Broward County enacted an ordinance establishing a .civil service system. Included within the civil service system were all employees of the county except those classifications which the ordinance specifically designated as “exempt.” The ordinance also provided for future changes to the Personnel Rules and Regulations to be made by resolution, and for administration of the system through a designated county department. A 1981 amendment to the ordinance added to the list of designated “exempt” positions
(14) ... any classification or position specifically exempted by resolution of the Board of County Commissioners of Broward County, Florida, subsequent to the enactment of this subsection.
Meah Rothman Tell (“Tell”) was hired on June 12, 1995, as Attorney II in the Support Enforcement Division, a position not then exempt from classified service. An employee in classified service must successfully complete a six month probationary period before benefits become vested, after which the employee may not be terminated without cause, notice and opportunity for a hearing.
On July 11, 1995, the Broward County Commission enacted Resolution No. 95-659 which excluded the Attorney II position from civil service and designated it as an exempt position. The resolution became effective September 1, 1995, prior to completion of Tell’s probationary period. On July 24, 1996, Tell’s employment was summarily terminated without cause, notice or opportunity for hearing. Tell filed this suit for declaratory judgment seeking a determination that her position remained on the protected list because the county did not have authority to change the provisions of the civil service ordinance by resolution. Ruling against Tell on that issue, the trial court held that the position of Attorney II had been excluded from the civil service system effective September 1, 1995, and that Tell’s probationary period not having been completed by that time, she remained an employee at will subject to dismissal without cause, notice or hearing.
Tell’s argument is simply that (1) an ordinance cannot be amended or repealed by adoption of a mere resolution, the enactment of a new ordinance being *1133 required (citing Miami v. Bus Benches, Co. 174 So.2d 49 (Fla. Bd DCA 1965)), and (2) a county may not delegate to itself the authority to adopt by resolution that which it must enact by ordinance (citing Wallace v. Leahy, 496 So.2d 970 (Fla. 3d DCA 1986) (quoting Brown v. City of St. Petersburg, 111 Fla. 718, 158 So. 140 (1933)); 7800 Building, Inc. v. City of South Miami, 305 So.2d 860 (Fla. 3d DCA 1974)). The cited cases are distinguishable because in each the action taken was required to have been done by ordinance. There is no law which specifically requires Broward County to enact an ordinance to classify persons within its civil service. Absent preemptive federal or state statutory or constitutional law, the charter of a charter county controls. See Hollywood, Inc. v. Broward County, 431 So.2d 606 (Fla. 4th DCA 1983). Consequently, the power to classify persons within its civil service position may be exercised by Bro-ward County either by ordinance or by resolution of the County Commission. Furthermore, and contrary to Tell’s argument, Broward County did not seek to amend its civil service ordinance by resolution; rather, the resolution merely implemented administratively the authority, already granted by the ordinance, to exclude a position from the classified service.
Tell also argues that section 125.88(2), Florida Statutes (1995), requires a county board to make changes in civil service classifications by ordinance. However, because Broward County’s charter was adopted pursuant to the provisions of sections 125.60-125.64 Florida Statutes (1975), section 125.88(2) is not applicable to Broward County.
AFFIRMED.
WARNER and TAYLOR, JJ., concur.