Robert B. NELSON, et al., Plaintiffs,

v.

CITY OF PANAMA CITY, FLORIDA, et al., Defendants.

No. 5:01–CV–241-RH.

United States District Court,
N.D. Florida,
Panama City Division.

Dec. 3, 2001.

Larry Ashmore Bodiford, Hutto & Bodiford, Samuel Thomas Adams, Samuel T. Adams PA, Panama City, for Plaintiffs.

David Barkley Switalski, John C. Cooper, Gordon D. Cherr, Cooper Coppins & Monroe PA, Tallahassee, FL, for Defendants.

## ORDER DISMISSING COMPLAINT IN PART

HINKLE, District Judge.

Before the court is a motion to dismiss the complaint in certain respects. I grant the motion in part.

### Background

This action arises from a Panama City police officer's alleged entry onto the property of plaintiff Robert B. Nelson, without a warrant, for the purpose of seizing a boat the officer claimed was stolen, and the officer's alleged arrest of Mr. Nelson for refusing to surrender the boat and instead demanding that the officer leave. The complaint alleges the boat in fact belonged to Mr. Nelson's son and was not stolen.

Mr. Nelson and his wife Josephine Nelson have filed a three-count complaint against the City of Panama City and the officer, M.C. Brannon, in his individual and official capacities. Count I seeks recovery against Officer Brannon under 42 U.S.C. § 1983 based on violations of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Count II seeks recovery against the City on the same grounds. Count III seeks recovery on various state law theories against the City and the officer. The complaint demands both compensatory and punitive damages.

The defendants have moved to dismiss portions of the complaint on the grounds that the portions at issue do not state a claim on which relief may be granted. Although motions to dismiss ordinarily are properly directed not to particular allegations but to entire claims (ordinarily, that is, to entire counts), in the case at bar each of plaintiffs' counts proceeds on multiple theories of recovery, and defendants' motion provides a useful method of addressing the sufficiency of the various theories. Plaintiffs have not objected to the procedure employed by defendants but have, instead, joined issue on the substantive matters raised by the defendants' motion. I address the issues just as if there had been separate counts presenting each of plaintiffs' substantive theories, and a mo-

tion to dismiss the counts presenting the theories that the defendants now challenge.

A motion to dismiss for failure to state a claim of course should be granted only if it appears to a certainty that the plaintiff would be unable to recover under any set of facts that could be proved in support of the complaint. *See, e.g., Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). This order applies this standard to each of the defendants' contentions in turn.

### I

██ Defendants' first contention is that the complaint fails to state a claim on behalf of Ms. Nelson. Defendants' assertion is that the complaint alleges no acts directed by defendants toward Ms. Nelson; plaintiffs agree. Defendants also assert, however, that the complaint does not attempt to allege a claim for loss of consortium; with this plaintiffs disagree.

Reasonably construed, the complaint alleges a consortium claim. Indeed, asserting a consortium claim apparently was the entire purpose of joining Ms. Nelson as a

1. Defendants apparently do not attack the availability of a consortium claim on the merits. Under Florida common law, consortium claims are available to the spouse of a tort victim who suffers physical injury and also to the spouse of a person damaged by at least some intentional torts. *See Gates v. Foley*, 247 So.2d 40 (Fla.1971) (recognizing consortium claim based on physical injury); *Food Fair, Inc. v. Anderson*, 382 So.2d 150, 155 (Fla. 5th DCA 1980) (recognizing consortium claim for certain intentional torts); *see also Gould v. Sacred Heart Hospital*, 1998 WL 995313 (N.D.Fla.1998) (following *Food Fair*). The availability of a consortium claim under federal civil rights statutes is less clear. *See, e.g., Doe v. R.R. Donnelley, & Sons Co.*, 843 F.Supp. 1278, 1284 (S.D.Ind.1994) (granting summary judgment on loss of consortium claim "because Title VII does not recognize loss of consortium damages even if Plaintiff could successfully maintain such a claim"), *aff'd*, 42 F.3d 439 (7th Cir.1994); *Cook v.*

plaintiff. Defendants' motion to dismiss Ms. Nelson's claims thus will be denied.[1]

### II

██ Defendants' next assertion is that the official capacity claims against Officer Brannon should be dismissed as redundant to the claims against the City itself. This is correct. *See, e.g., Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991) (approving dismissal of official capacity defendants whose presence was merely redundant to naming of institutional defendant). All claims against Officer Brannon in his official capacity will be dismissed.

### III

██ Defendants' next assertion is that the complaint fails to state a claim under the Fifth Amendment because there is no allegation of federal involvement in the events at issue. Inasmuch as the Fourteenth Amendment renders applicable to the defendants all the same constitutional principles, the issue is apparently unimportant. In any event, in response to the defendants' motion, plaintiffs concede the point. Thus, to the extent based solely on the Fifth Amendment, the complaint will be dismissed.[2]

*Waters*, No. 96–1459–CIV–T–17E, 1996 WL 685842, at *1 (M.D.Fla. Nov.13, 1996) (holding consortium claim unavailable under Title VII and ADA); *Perdomo v. Jackson Memorial Hospital*, 443 So.2d 298, 300 (Fla. 3d DCA 1983) (determining that "loss of consortium is not within the spectrum of interests guaranteed by the Constitution or Federal law" and thus not cognizable in a civil rights action). Because defendants apparently have not sought dismissal on this basis, I do not address these issues.

2. Defendants also apparently contend that plaintiffs cannot bring a claim under the Fourteenth Amendment because any claim that excessive force was used in effectuating an arrest must be analyzed under the Fourth Amendment, not the Fourteenth. *See Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). It is unclear, however, that plaintiffs' constitutional claims arise solely from the alleged use of excessive

## IV

■ Defendants next challenge plaintiffs' invocation of the Florida Constitution. In response, plaintiffs say they seek no recovery directly under the Florida Constitution, but instead cite defendants' violations of the Florida Constitution as support for their § 1983 claims. While it appears unlikely that plaintiffs' § 1983 claims will turn on whether defendants did or did not violate the Florida Constitution, that issue need not be addressed at this point. It is sufficient, for present purposes, that plaintiffs seek no recovery directly under the Florida Constitution, thus mooting the defendants' assertion that no such recovery is available. The motion to dismiss claims based on the Florida Constitution will be denied as moot.

## V

■ The City (but not Officer Brannon) next challenges plaintiffs' state common law claims for intentional infliction of emotional distress and malicious prosecution. The City contends it has sovereign immunity from any such claims because the state's statutory waiver of sovereign immunity does not apply to acts committed "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9)(a), Fla. Stat. Plaintiffs appear to concede the point.

By definition, any conduct sufficient to constitute intentional infliction of emotional distress, or to constitute malicious prosecution, is also sufficient to demonstrate bad faith, malicious purpose, or wanton and willful disregard of human rights,

safety or property, thus precluding recovery against the City on these theories. The motion to dismiss the intentional infliction of emotional distress and malicious prosecutions claims against the City will be granted.

## VI

■ Defendants next challenge plaintiffs' abuse of process claim, asserting no process was issued. Plaintiffs disagree, asserting a notice was issued requiring Mr. Nelson to appear in court. This is precisely the kind of factual dispute that cannot properly be resolved on a motion to dismiss. Because I cannot say with certainty that plaintiffs would be unable to recover under any set of facts that could be proved in support of this claim, *see Hunnings, supra*, the motion to dismiss this claim will be denied.

## VII

■ The City next challenges plaintiffs' claim against the City for negligent hiring of Officer Brannon. The City asserts that hiring is a discretionary function for which it has sovereign immunity.

The short answer is that, while some aspects of hiring are discretionary functions, not all are. Unreasonable hiring decisions sometimes are made not for policy reasons but from simple oversight. Failure to check references in a particular case, despite a policy requiring such checking, is an example. Because I cannot say with certainty that plaintiffs would be unable to recover under any set of facts that could be proved in support of this claim,

---

force. Plaintiffs assert that Officer Brannon acted unconstitutionally in other respects as well, demanding the surrender of property (a claim apparently governed by the Fourth Amendment) and issuing a citation without probable cause (a claim perhaps governed by the Fourteenth Amendment). In any event, what is important is not the proper citation of

the relevant constitutional provision, but the proper application of the governing constitutional standards. At this point, I cannot say that plaintiffs would be unable to recover under any set of facts that could be proved in support of their Fourth and Fourteenth Amendment claims, and the motion to dismiss these claims thus will be denied.

*see Hunnings, supra,* the motion to dismiss this claim will be denied.

## VIII

██ Plaintiffs have asserted claims for both false imprisonment and false arrest. The defendants assert that plaintiffs cannot properly assert claims for both. Defendants seek dismissal of the false arrest claim as redundant to the false imprisonment claim.

Defendants have not contested the sufficiency of plaintiffs' allegations to support a claim of either false imprisonment or false arrest. Instead, defendants' sole contention is that the claims are duplicative. This is a matter of no importance.

If, as defendants assert, there is no difference, under the circumstances of the case at bar, between a false imprisonment and false arrest claim, the inclusion of both theories in the complaint will make no difference. If, on the other hand, there is a difference, then plaintiffs are entitled to assert both claims. *See* Fed.R.Civ.P. 8(e)(2) (authorizing alternative claims, and alternative statements of claims, regardless of consistency). The motion to dismiss the false arrest claim will be denied.

## IX

██ Finally, the City challenges plaintiffs' claim for an award of punitive damages against the City, noting that punitive damages are not available against a city under the relevant federal or state law. *See e.g., City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (holding that punitive damages are not recoverable against municipalities under § 1983); § 768.28(5), Fla. Stat. (indicating that state's waiver of sovereign immunity for itself and its subdivisions "shall not include punitive damages").

In response, plaintiffs concede the point, asking only that the punitive damages claim be retained as against Officer Brannon in his individual capacity, an issue not now before the court. The motion to dismiss the punitive damages claim as against the City will be granted.

### *Conclusion*

For these reasons,

IT IS ORDERED:

Defendants' motion to dismiss (document 8) is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims against defendant M.C. Brannon in his official capacity are dismissed. Plaintiffs' claims arising directly under the Fifth Amendment of the United States Constitution are dismissed. Plaintiffs' claims for intentional infliction of emotional distress, malicious prosecution and punitive damages are dismissed as against the defendant City of Panama City. In all other respects the motion to dismiss is denied. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).