VAN NORTWICK, J.
Michael A. White appeals a final summary judgment entered in favor of the Town of Inglis, Florida, appellee, in his action challenging the Town’s adoption of Resolution Number R14-05 (R14-05) which prohibits White’s access to a street from his commercial property adjoining *164 that street. We hold that R14-05 constitutes an “ordinance” as defined in section 166.041(l)(a), Florida Statutes (2005), and, because the Town adopted this ordinance without complying with the ten-day notice requirement in section 166.041(3)(a), we hold the ordinance void. Accordingly, we reverse and remand for further proceedings.
White owns two contiguous lots in the Town of Inglis which front on Highway U.S. 19 and operates a used car business on the lots. Palm Point Drive is a residential street located immediately to the north of and adjacent to White’s commercial property. On October 20, 2005, the Inglis Town Commission held a workshop meeting at which the subject of closing off commercial access to Palm Point Drive was discussed. White was present at the meeting. He states in his affidavit included in the record that he “had informally heard that the Town, was considering the construction of a fence along the road which might affect my access.” According to the affidavit of Town Clerk Sally McCranie, those at the meeting were advised that a special meeting would be held on October 31, 2005, to consider a resolution to close commercial access to Palm Point Drive.
On October 31, 2005, the Town enacted R14-05 as a “resolution.” R14-05 makes it unlawful for a person to drive from commercial properties onto Palm Point Drive. A fence has now been constructed along the drive blocking view of White’s property and any access to Palm Point Drive from the property.
Section 166.041(l)(a) defines “ordinance” as “an official legislative action of a governing body, which action is a regulation of a general and permanent nature and enforceable as a local law.” Section 166.041(l)(b) defines “resolution” to mean “an expression of a governing body concerning matters of administration, an expression of a temporary character, or a provision for the disposition of a particular item of the administrative business of the governing body.” “A resolution cannot be substituted for and have the force and effect of an ordinance, nor can a resolution supply initial authority which is required to be vested by ordinance.” Wallace v. Leahy, 496 So.2d 970, 971 (Fla. 3d DCA 1986) (citing Brown v. City of St. Petersburg, 111 Fla. 718, 153 So. 140 (1933); and Carlton v. Jones, 117 Fla. 622, 158 So. 170 (1934) (“An act which is required to be accomplished by ordinance may not be accomplished by resolution.”)).
It is clear that the action by the Town is an ordinance as defined under section 166.041(1)(a). In R14-05, the Town regulates the use of property in a manner that is both general and permanent. Further, it is neither a matter of administration for the Town nor an expression of a temporary character. Because the Town enacted R14-05 without following the requirements of section 166.041(3)(a) (notice in newspaper at least 10 days prior to adoption), the ordinance is void. Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla.1966); Healthsouth Doctors’ Hosp. v. Hartnett, 622 So.2d 146 (Fla. 3d DCA 1993); see also Carlton v. Jones, 158 So. at 171 (recognizing that when an ordinance is not published according to law it is “invalid and of no effect”); Webb v. Town Council of Town of Hilliard, 766 So.2d 1241 (Fla. 1st DCA 2000). Because we hold the ordinance void, it is not necessary to reach the other issues raised on appeal.
REVERSED and REMANDED for proceedings consistent with this opinion.
WEBSTER and THOMAS, JJ., concur.